---

In re HAYWARD.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

SURROGATE COURT—COMMITMENT FOR CONTEMPT—POWER TO REVIEW—FAILURE TO APPEAL.

     Under Code Civ. Proc. § 2481, subd. 6, giving the surrogate court power to reconsider its decisions, but limiting the exercise of the power to the same manner in which it is exercised by a court of record, a surrogate court having issued an order to commit defendant, and denied a motion to set aside the commitment, the defendant cannot, after failing to appeal

from the order, demand that the court consider a second motion to set aside the commitment, and cannot bring the cause before the supreme court by appeal from an order denying such second motion.

Appeal from surrogate's court, New York county.

A motion by John H. Hayward to set aside an order committing him for contempt. From an order refusing the motion, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Chase Mellen, for appellant.
Bache McK. Whitlock, for respondent.

INGRAHAM, J. By an order of the surrogate dated January 25, 1897, this appellant was enjoined from dealing in any manner with, or making any disposition of, the securities and cash in his hands as testamentary trustee for Amanda M. Halstead, under the will of John R. Hayward, deceased, until the further order of the court. Subsequently, by a further order, entered on March 16, 1897, the appellant was ordered to file a supplemental account showing the disposition by him since the date of the original account, filed on January 14, 1898, of the securities and cash shown by said original account to have been then in his hands, of the proceeds of any securities that may have been disposed of by him, and of the income received by him on account of such securities; which order also enjoined the appellant from dealing in any manner with, or making any disposition of, the securities and cash in his hands as testamentary trustee for Amanda M. Halstead, and further ordered that said appellant, at the time of the filing of the supplemental account, pay to the chamberlain of the city of New York whatever of such balance, either of principal or income, should appear from said supplemental account to be in his hands. In pursuance of this last-named order, the appellant filed a supplemental account, from which it appeared that on January 31st rents were collected from premises which were a portion of the trust estate; that on March 16, 1897, he paid to one Edward A. Isaacs $100; that on the same day he paid to himself, on account of various loans made to the life tenant in 1894, the sum of $2,276.95; and on the same day paid himself commissions on account of money which he had received of $143.42. Annexed to that account were vouchers showing these payments on March 16, 1897. It would appear that this payment on account of loans made to the life tenant was paid partly out of the principal of the trust estate and partly out of the income. Allowing the payment to himself, the supplemental account showed that the surviving trustee had no money in his hands, but that there was due the trustee the sum of $3.89. The appellant made no payment under the order of March 16, 1897, to the chamberlain. Upon this account, and the affidavit of the beneficiary or life tenant and her attorney, an order was granted by the surrogate requiring the appellant to show cause why he should not be committed for contempt for disobeying the orders entered on January 15, 1897, and

March 16, 1897. That order was duly served upon the appellant, and he appeared on the motion by counsel, and, after a hearing, the motion was granted, and he was committed for contempt until he should pay over to the chamberlain of the city of New York, to the credit of this proceeding, the sum of $2,520.17, and until he pay the further sum of $70 and the costs and expenses of the proceeding, and this order was entered on August 4, 1897. Subsequently, and on November 30, 1897, the appellant obtained an order requiring the respondent to show cause why the order of commitment filed on August 4, 1897, should not be reconsidered, and the trustee (the appellant) relieved of the contempt, and the commitment for such contempt vacated and set aside. This order to show cause was granted upon the affidavit of the appellant and his attorney. That motion was heard before the surrogate, and considered upon the merits, and the motion denied. No appeal was taken, either from the order committing the appellant for contempt or the order of the surrogate refusing to vacate such commitment. Subsequently, and on April 11, 1899, upon an additional affidavit of this appellant and his attorney, another order was obtained, requiring the respondent to show cause why the order of commitment entered on August 4, 1897, should not be reconsidered and vacated, and the appellant relieved of the contempt and commitment for such contempt. This motion was again argued before the surrogate, and denied, and from the order entered upon such motion the trustee appeals.

No appeal was taken or leave obtained for a reargument of either the motion to commit the appellant for contempt, or the motion to vacate the order entered upon such motion; and the appellant, thus having been heard twice in opposition to the motion to punish him for contempt, and having been both times unsuccessful, makes a third motion, without having obtained leave to reargue either of the motions in which he was unsuccessful. The appellant bases his right to make this motion upon section 2481, subd. 6, Code Civ. Proc. That section gives the surrogate power to vacate, modify, or set aside a decree or order of such court, but the section provides that "the power conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers." The power thus given to the surrogate to vacate his own orders is a kindred power to that inherent in every court of general jurisdiction to control its orders and judgments; but no principle is better settled in the administration of justice than that, where there is an adjudication upon a question submitted to the court, and an order or decree entered upon such adjudication, the court having jurisdiction of the subject-matter and the parties, such adjudication is final and conclusive, and can only be reviewed by appeal, unless the court should see fit to grant a reargument or rehearing of the motion or proceeding. This order to punish this appellant for contempt was granted upon notice and after hearing him. It was a regular proceeding in the surrogate's court, and, like an adjudication of a court of general jurisdiction, could be reviewed only upon an appeal from the order or by an application to the court of the first instance

for a rehearing. No appeal from the surrogate was taken, but the appellant did make an application for a rehearing upon facts which did not appear before the court upon the first hearing. That motion was heard and denied, and, if the appellant wished to review that adjudication, such review was by an appeal.

Upon the application now under review, it does not appear that any additional facts were presented that would justify a court in granting a rehearing of the motion to vacate the original adjudication, and for this reason the application was properly denied. We have, however, looked into the papers upon which the order committing the appellant for contempt was granted, and think that, were the question before us, we should concur with the surrogate who granted the original commitment. By the supplemental account, and the vouchers annexed to it, it appeared that this appellant had violated the injunction order, and also had been guilty of a gross violation of his trust. By the supplemental account it appeared that the appellant had received on account of the principal of the estate the sum of $3,500, and on account of income the sum of $1,236.99. Of the income he paid directly to the beneficiary the sum of $325, leaving an amount of income of $911.99. He had also made various disbursements,—whether properly chargeable as income or principal does not appear,—aggregating $1,988.51. There was thus remaining in his hands a fund made up partly of principal of the trust fund and partly of income, and this fund he proceeded to apply to his own use for loans which he had made to the beneficiary years before. So far as this payment was from the principal of the estate, it was a violation of his trust. His account does not show when he actually appropriated this money, except that it is put down in the account as a payment on the 16th of March, 1897. Nor does his affidavit show when he actually appropriated the money, but from the account it would appear that all of this money was received during the years 1896 and 1897, and, whether it was income or principal, he had no right to apply the moneys thus received as trustee to debts of the beneficiary incurred long before. The surrogate, therefore, had a right to treat this money as money in his hands belonging to the estate, and was justified in requiring him to deposit such moneys with the chamberlain of the city and county of New York, the question as to his right to them to be determined on the accounting. From the account itself, it further appeared that the injunction had been violated by making these payments after it was granted and served upon him. His explanation of the statements in the account was before the surrogate, and, under the circumstances, we are not disposed to disagree with the surrogate in refusing to accept such statement, absolutely uncorroborated.

We think that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.